UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE ANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1803 RWS |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This insurance dispute is before me on plaintiff Steve Anders' motion for remand. Defendant Zurich American Insurance Company timely removed this case to this Court on December 8, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332.

28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants to establish diversity jurisdiction. In its notice of removal, defendant alleges that the amount in controversy is in excess of $75,000 and that complete diversity of citizenship exists because plaintiff is a citizen of Missouri and defendant is a citizen of New York and Illinois.

On December 11, 2015, plaintiff filed a motion to remand this action. Plaintiff argues that diversity of citizenship does not exist because defendant, an insurance company, is a citizen of every state of which the insured is a citizen. 28 U.S.C. § 1332(c) provides:

(c) For the purposes of this section and section 1441 of this title—

"(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any *direct action* against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated,

> to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated; and
> (C) the State or foreign state where the insurer has its principal place of business;"

28 U.S.C. § 1332(c) (emphasis added).

The key term here is "direct action." Despite plaintiff's argument otherwise, the term "direct action" as used in § 1332(c) does not encompass suits brought by an insured plaintiff against his or her insurer. *See Chinnock v. Safeco Nat. Ins. Co.*, No. 10-04105-CV-W-FJG, 2010 WL 2803056, at *3 (W.D. Mo. Jul. 15, 2010) ("In cases in which a plaintiff is suing her own insurance company, courts in Missouri and the Eighth Circuit have found that these suits do not constitute 'direct actions.'"); *see also Niesman v. Cincinnati Ins. Co.*, No. 4:05-CV-1794-CAS, 2006 WL 27213 (E.D. Mo. Jan. 5, 2006) ("Courts have uniformly defined the term 'direct action' as used in [§ 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.' When an insured brings a claim against his own insurer, 'no direct action [exists] because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds.'") (internal citations omitted).

I find that this action by plaintiff, an insured, against his own insurer, is not a "direct action" under section 1332(c), and that defendant has established by a preponderance of the evidence that I have subject matter jurisdiction over this action. As a result, plaintiff's motion for remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zurich American Insurance Company's Motion for Remand #[7] is **DENIED**.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2015.